# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FREDERICK DWAYNE SPENCER,

                      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE
and MERRICK GARLAND, *United States
Attorney General*,

                      Defendants.

Civil No. 23-0724 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO
DISMISS**

---

Frederick Dwayne Spencer, 7510 Bristol Village Curve, Bloomington, MN 55438, a pro se Plaintiff.

Emily M. Peterson, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

Plaintiff Frederick Dwayne Spencer was acquitted following trial in 2007 of federal money laundering charges. He initiated this action against the United States Department of Justice and Attorney General Merrick Garland, alleging that he was prosecuted without having been indicted by a grand jury in violation of his constitutional rights. Defendants moved to dismiss. Because the Court takes judicial notice of the fact that Spencer was indicted by a grand jury and his Indictment was not constitutionally defective, the Court will grant the Defendants' Motion to Dismiss.

## BACKGROUND

The Court takes judicial notice of the following facts.  *Bowe-Burke Mining Co. v. Willcuts*, 45 F.2d 394, 395 (D. Minn. 1930) (noting that a court may take judicial notice of its own record).  Frederick Dwayne Spencer was indicted on May 21, 2007, along with several codefendants, for money laundering.  (No. 07-174(3), Indictment, May 21, 2007, Docket No. 1.)  The indictment alleged that he conducted multiple financial transactions paying a construction company to remodel a business.  (*Id.* at 3–7.)  These transactions were funded with the proceeds of unlawful activities—namely, the distribution of cocaine and crack cocaine.  (*Id.*)  Spencer entered a not guilty plea.  (No. 07-174(3), Minute Entry, June 21, 2007, Docket No. 24.)  A jury trial occurred in September 2007 and the jury found Spencer not guilty.  (No. 07-174(3), Jury Verdict, Sept. 18, 2007, Docket No. 147.)

Spencer initiated this civil action against Defendants on March 24, 2023, alleging that his 2007 prosecution violated his constitutional rights because he had not been indicted by a grand jury.  (Compl., Docket No. 1, Mar. 24, 2023.)  Spencer seeks monetary damages.  (*Id.* at 2.)  Defendants moved to dismiss Spencer's Complaint because he was indicted by a grand jury—so his allegations are implausible—and he failed to allege that the Indictment was defective.  (Mot. Dismiss, June 20, 2023, Docket No. 8; Mem. Supp. Mot. Dismiss, June 20, 2023, Docket No. 10.)  Spencer opposes Defendants' Motion to Dismiss, arguing that discovery would demonstrate he has a successful claim to monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

-2-

**DISCUSSION**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Spencer asserts that he was prosecuted without indictment by a grand jury. The Fifth Amendment of the United States Constitution provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The United States Supreme Court has repeatedly acknowledged the necessity of the grand jury, explaining that it protects

-3-

individual citizens "from an open and public accusation of crime, and from the trouble, expense, and anxiety of a public trial before a probable cause is established by the presentment and indictment" of a grand jury. *Ex parte Bain*, 121 U.S. 1, 12 (1887) (internal quotations omitted). In other words, the grand jury "is justly regarded as one of the securities to the innocent against hasty, malicious, and oppressive public prosecutions." *Id.* (citation omitted). When a grand jury returns an indictment, that indictment establishes probable cause to believe that the defendant committed the offenses of which they are charged. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975); *United States v. Harper*, 466 F.3d 634, 644–45 (8th Cir. 2006).

Consequentially, courts do not have power to try criminal defendants without indictment by grand jury. *Ex parte Bain*, 121 U.S. at 13; *Stirone v. United States*, 361 U.S. 212, 216 (1960) (explaining that even broadening an indictment requires resubmission to the grand jury). Mere defects in an indictment, however, will not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 631 (2002). A defect in an indictment will only be corrected if it fails the plain-error test of Federal Rules of Criminal Procedure 52(b). *Id.* (explaining that the indictment must include (1) an error, (2) that is plain, and (3) affects substantial rights for it to be reviewable after trial).

Once a grand jury approves an indictment, the indictment must meet two constitutional requirements to not be defective. First, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense

-4-

charged." Fed. R. Crim. P. 7(c)(1).  The purpose of this requirement is to advise the

defendant of the nature and cause of the accusation so that they can prepare their

defense for their trial.  *United States v. Debrow*, 346 U.S. 374, 376 (1953); *Wong Tai v.

United States*, 273 U.S. 77, 80–81 (1927).  Second, the indictment must enable the

defendant to plead an acquittal or conviction in bar of future prosecutions for the same

offense.  *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (internal quotation

omitted).

Here, the Court takes judicial notice that Spencer was indicted by a grand jury.  (*See

generally* No. 07-174, Indictment.)  This fact was even acknowledged by the Eighth Circuit

on his co-defendants' appeal.  *United States v. Spencer*, 592 F.3d 866, 870 (8th Cir. 2010).

Thus, Spencer's allegation that he was not indicted by a grand jury is not just

implausible—it is plainly false.

Moreover, there is nothing to suggest that Spencer's Indictment was defective.

First, the Indictment advised Spencer of the multiple money laundering charges against

him.  (*See generally* No. 07-174(3), Indictment.)  It identified which of the ten counts

applied to Spencer and which applied to his co-defendants.  Spencer was able to prepare

his defense, which he then successfully executed during trial, leading to his acquittal.

Second, the Indictment identified the nature and the circumstances of the alleged crimes,

including the dates and amounts of money laundered, which provide Spencer with

"ample protection against the risk of multiple prosecutions for the same crime."

*Resendiz-Ponce*, 549 U.S. at 108.   Therefore, the Indictment met both constitutional requirements and was not defective.   Spencer alleges no additional facts in his present Complaint that would suggest his Indictment was defective.   Spencer's Fifth Amendment right to a grand jury indictment was not violated.

To the extent that Spencer asserts that he has a claim to monetary damages under *Bivens*, 403 U.S. 388, that claim plainly fails.   *Bivens* recognizes that individuals may have a cause of action against federal actors for violations of federal constitutional rights.   *See Bivens*, 403 U.S. at 396.   But Spencer's claim is not cognizable under *Bivens.*   First, Spencer cannot sustain a *Bivens* claim against the Department of Justice because it is a federal agency—not a government official.   *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations.").   Second, because Spencer's Complaint does not identify whether Merrick Garland is sued in his individual or official capacity, the Court must presume it is an official capacity claim.   *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed that he is sued only in his official capacity.").   A claim against a government official in their official capacity is treated as a claim against their office.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official agency is not a suit against the official but rather is a suit against the official's office.").   Thus, the action

against Merrick Garland is treated as an action against his office—the Department of Justice—which, as already discussed, is not cognizable under *Bivens.*

Because Spencer was indicted by a grand jury and the Indictment was not constitutionally defective, and because Spencer's reliance on *Bivens* is misplaced, the Court will grant Defendants' Motion to Dismiss.  Spencer has not plausibly stated a claim to relief.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 8] is **GRANTED and this action is DISMISSED with prejudice.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 11, 2023
at Minneapolis, Minnesota.

                                                              JOHN R. TUNHEIM
                                                              United States District Judge